UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

EDDIE LEE MCCLENDON,
ADC #096384                                                                                    PLAINTIFF

V.                                      5:17CV00094 BRW/JTR

DALE REED, Assistant Director,
Arkansas Department of Correction; and
HERRINGTON, Work Release Coordinator,
Mississippi County Work Release                                                DEFENDANTS

# RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Discussion

Plaintiff Eddie Lee McClendon ("McClendon") is a prisoner in the Randall Williams Unit of the Arkansas Department of Correction ("ADC"). He has filed this *pro se* § 1983 action alleging that Defendants ADC Assistant Director Dale Reed

("Reed") and Work Release Coordinator Herrington ("Herrington") violated his constitutional rights. Before McClendon may proceed with this case, the Court must screen his Complaint.[1]

McClendon alleges that Reed and Herrington violated his due process rights and ADC policy when they denied his request for work release because he was a habitual offender with a "violent history." [2] *Doc. 2 at 6.*

It is well settled that prisoners do *not* have a due process right to obtain admittance into a work release program. *Callender v. Sioux City Residential Treatment Facility*, 88 F.3d 666, 668 (8th Cir. 1996); *Mahfouz v. Lockhart*, 826 F.2d 791, 792 (8th Cir.1987). Similarly, prisoners do not have a due process right to require prison officials to comply with their internal rules or policies. *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997). Thus, McClendon has failed to state a claim upon which relief may

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] In 2015, McClendon was convicted of theft of property by threat of serious physical injury, robbery, aggravated assault, and being a habitual offender. *See* ADC website, www.adc.arkansas.gov/inmate_info.

be granted.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.  This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2.  Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 21st day of April, 2017.

*J. Thomas Ray*
UNITED STATES MAGISTRATE JUDGE